IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MICHAEL D. MARLIN,

    Petitioner,

v.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-143

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Marlin ("Marlin"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Marlin filed a Traverse. For the reasons which follow, Marlin's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a jury trial, Marlin was convicted in the Southern District of Alabama of conspiracy to possess and distribute crack cocaine, in violation of 21 U.S.C. § 846. (Doc. No. 1, pp. 1–2). Marlin appealed his conviction, and the Court of Appeals for the Eleventh Circuit affirmed. (Doc. No. 1, p. 2). Marlin was initially sentenced to 135 months' imprisonment, but his sentence was later reduced to 120 months. (Doc. No. 16, p. 2).

In the instant petition, Marlin claims that he is entitled to a reinstatement of 21 days of good conduct time. (Doc. No. 1-1). Marlin alleges that another inmate, without

his knowledge, stole his identity and made telephone calls and sent emails and that Marlin was improperly punished for the other inmate's actions. Id. Specifically, Marlin asserts that: (1) his due process rights have been violated, (2) he is innocent of the charged incident which resulted in the revocation of good conduct time, (3) the Disciplinary Hearing Officer ("DHO") did not properly investigate the evidence, and (4) the actual perpetrator of the incident pled guilty and knew that Marlin had no knowledge of the perpetrator's actions. (Doc. No. 1, p. 3). Respondent contends that Marlin's petition should be dismissed for want of subject matter jurisdiction based on Marlin's failure to exhaust his administrative remedies. (Doc. No. 16). Marlin avers that the requirement of exhaustion of administrative remedies should be waived since exhaustion would be futile. (Doc. No. 19).

## DISCUSSION AND CITATION OF AUTHORITY

Inmates are required to exhaust administrative remedies prior to seeking relief in federal court by filing a petition for a writ of habeas corpus. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"). If a prisoner does not exhaust administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992). "Generally, exhaustion is not required where . . . an administrative appeal would be futile." Winck v. England, 327 F.3d 1296, 1304 (11th Cir. 2003) (internal punctuation and citation omitted). That "the [requested] relief does not appear to be plain, speedy, and effective" does not render the administrative remedy process

AO 72A
(Rev. 8/82)

futile. Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90–91 (11th Cir. 2009) (internal punctuation and citation omitted).

Inmates at FCI Jesup must exhaust the Bureau of Prisons ("BOP") administrative remedies, as required by the Code of Federal Regulations, beginning the grievance process locally by presenting their complaint for informal resolution. 28 C.F.R. § 542.13. If informal resolution is unsuccessful, the inmate may seek formal review locally by filing a written administrative remedy request with the Warden at FCI Jesup. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15. When an inmate is appealing the decision of a DHO, the appeal should be filed directly with the Regional Director, bypassing the formal filing with the local Warden. 28 C.F.R. § 542.14(d)(2). If the inmate is not satisfied with the Regional Director's response, the inmate may make a final appeal to the Office of the General Counsel. 28 C.F.R. § 542.15.

Marlin has submitted four administrative remedies relevant to the subject matter of the instant petition:

1. Administrative Remedy Number 651008-F1 was appealed to the Regional Director, and the appeal was still pending when Respondent filed his Response on October 11, 2011. (Doc. No. 16, pp. 5–6).

2. Administrative Remedy Number 651010-F1 was rejected for appeal by the Regional Director because it was not in proper form. As of October 3, 2011, Marlin had not resubmitted the appeal in proper form. (Doc. No. 16, p. 6).

3. Administrative Remedy Number 654560-F1 was rejected for being untimely. Marlin re-filed the remedy request, and it was assigned Number 654560-R2. The

AO 72A
(Rev. 8/82)

disposition of this request indicated that Number 654560-F1 should have been rejected for being filed at the wrong level, as opposed to untimeliness. Additionally, Number 654560-R2 was, itself, rejected for being filed at the wrong level. As of October 3, 2011, Marlin had not filed an appeal of this rejection. (Doc. No. 16, pp. 6–7).

4. Administrative Remedy Number 656205-F1 was closed, with a response indicating that the request was repetitive. As of October 11, 2011, when Respondent filed his Response, Marlin had not re-filed or appealed the closing of this remedy request. (Doc. No. 16, p. 7).

Marlin had not exhausted his administrative remedies at the time he filed the instant petition. However, Marlin asserts that his failure to exhaust should be excused. Marlin contends that exhaustion of administrative remedies would be futile for two reasons: (1) the process takes too long, due to violations of time limits to respond to remedy requests and appeals, and (2) each of the administrative remedies that he has filed in the past has been denied. (Doc. Nos. 19, 121). Marlin's arguments are foreclosed by the decision in Rey.

Marlin is not entitled to § 2241 relief. Marlin has not exhausted his BOP administrative remedies with regard to the issues raised in his petition, and exhaustion is not futile. Consequently, the Court lacks subject matter jurisdiction to hear Marlin's petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

It is my **RECOMMENDATION** that Marlin's § 2241 petition be **DISMISSED**, without prejudice, based on Marlin's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 7th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE